IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Eugene King, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 5:22-cv-01072-TLW |
| vs. | ) | |
| | ) | |
| AG Alan Wilson; Daniel E. Shearous, | ) | |
| *South Carolina Supreme Court Clerk*; | ) | **ORDER** |
| Asst. A.G Samantha J. Weidauer; | ) | |
| Winnfa B. Clark, *Clerk Court*; | ) | |
| Judge Edwar Dickson; Solicitor | ) | |
| David Pascoe, and Tommy Scott, III,[1] | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Eugene King, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-named defendants. ECF No. 1. Plaintiff is a state prisoner serving a forty-year term of imprisonment for a 2005 murder conviction in the Orangeburg County Court of General Sessions. ECF No. 9 at 1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). *Id.* Plaintiff has filed objections to the Report. ECF No. 11. Accordingly, this matter is ripe for review.

Plaintiff brings this action pursuant to § 1983. ECF No. 1. The Report notes that the crux of Plaintiff's complaint is his assertion that the named defendants

---

[1] The spelling of the defendants' names in the caption reflects the spelling in the caption of Plaintiff's complaint. *See* ECF No. 1.

conspired against him to violate various constitutional rights during his criminal prosecution. ECF No. 9 at 1.[2] Plaintiff seeks damages for violations of various constitutional provisions and asks to be released from custody. ECF No. 1.

In her Report, the magistrate judge carefully reviewed Plaintiff's claims in this action along with claims raised by Plaintiff in prior § 1983 action, C/A No. 5:19-cv-00010-TLW, and petition for habeas corpus pursuant to 28 U.S.C. § 2254, C/A No. 0:12-cv-00949-TLW. *Id.* at 3. The magistrate judge "conclude[d] this [currently filed] action is frivolous and therefore subject to summary dismissal [.]" *Id.* Accordingly, she recommends that the Court dismiss Plaintiff's complaint without prejudice and without service of process. ECF No. 9.

The Report's conclusion and recommendation are based on three findings. First, the magistrate judge concludes that Plaintiff's claims in this action are mostly duplicative of a previous § 1983 action in this Court, namely *King v. State of South Carolina et al.*, No. 5:19-cv-00010-TLW. *Id.* at 3. Additionally, the magistrate judge notes that Plaintiff has filed two prior § 2254 actions challenging his conviction and sentence. *Id.* at 3–4. Second, the magistrate judge concludes that Plaintiff's claims for damages for alleged constitutional violations in his state criminal prosecution are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has

---

[2] For instance, Plaintiff claims that his indictment was a nullity, the court lacked jurisdiction over his case, and he was not indicted by a grand jury. Plaintiff also claims that his confession to police was unlawful because he was intoxicated when he made the confession. Plaintiff further claims that the trial court erroneously admitted a tire iron as evidence of a murder weapon. *See* ECF No. 1.

been previously invalidated). *Id.* at 4. Finally, the magistrate judge concludes that the complaint is subject to summary dismissal because Plaintiff "fails to plausibly show that the defendants violated his rights because he includes no facts about the defendants in the Complaint." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements).

This District Court has carefully reviewed (i) the action filed by Plaintiff and (ii) the Report filed by the magistrate judge. Plaintiff claims he was not indicted, was intoxicated when he confessed, and that a tire iron (the murder weapon) was erroneously admitted into evidence. ECF No. 1. The Report is relatively brief, but sets forth a proper analysis and a proper basis to dismiss this action. The reasons for dismissal: (i) *Heck v. Humphrey*, (ii) no facts set forth that support the claims, and (iii) previously filed similar actions raising constitutional claims that have been dismissed. ECF No. 9. Each reason is a basis to dismiss here. The Report explains why. Notably, the complaint sets forth *no* facts that support any claim made. The complaint simply lists violations of a number of constitutional provisions—but not facts or factual assertions. Dismissal is proper here because without facts, there is not any persuasive basis for relief.

As noted, Plaintiff has filed objections. ECF No. 11. The objections again cite to constitutional provisions with brief mention of his claims. Plaintiff does attach certain documents to his objections: an incident report and waiver of *Miranda* rights form. These documents provide no factual or legal basis for relief. Notably, in his

complaint, Plaintiff asserts he was not indicted. However, in his objections, he attaches the front page of his "indictment for murder." ECF No. 11–1 at 7.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the Plaintiff's objections, and other relevant filings. Plaintiff's objections do not go to the substance of the Report but, instead, reassert arguments related to his arrest and criminal prosecution. ECF No. 11. Plaintiff's arguments attacking his arrest and conviction have already been raised and extensively addressed on direct appeal, in his state post-conviction relief actions and appeals, in

his § 2254 actions, and in his prior §1983 actions. After careful consideration, the Court concludes that Plaintiff's objections are repetitive and offer no showing, either factually or legally, that the complaint should not be dismissed. As noted in Plaintiff's prior action, a § 1983 claim is not the proper vehicle for a state inmate to challenge his sentence. *See King v. State of South Carolina et al.*, No. 5:19-cv-00010-TLW, ECF No. 10 at 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) *and Heck*, 512 U.S. at 481 (stating that *Preiser* "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983")). Therefore, **IT IS ORDERED** that the Report, ECF No. 9, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 11, are **OVERRULED**. For the reasons stated in the Report, the Complaint, ECF No. 1, is **DISMISSED** without prejudice.

      **IT IS SO ORDERED**.


                                       *s/Terry L. Wooten*
                                       Senior United States District Judge

June 15, 2023
Columbia, South Carolina